IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| DUNCAN ALLEN ROBINSON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CO CROKER; CO LOPEZ; RODNEY BEACHE; CO ELDRIDGE,<br><br>Defendants. | C/A No. 8:25-cv-13787-JD-WSB<br><br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown, issued pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). (DE 9.) The Report recommends summarily dismissing Plaintiff Duncan Allen Robinson, Jr.'s ("Plaintiff") *pro se* Complaint under 42 U.S.C. § 1983, without issuance and service of process and without leave to amend. Plaintiff timely filed an objection. (DE 11.)

After filing the objection, Plaintiff submitted a letter stating that he had difficulty receiving mail and asking whether the Court had received his objection. (DE 13.) The docket confirms that the Court received and filed the objection on December 29, 2025, and has considered it. (DE 11; DE 12.) For the reasons below, the Court overrules Plaintiff's objection to the conclusion that the present Complaint fails to state a claim, adopts the Report in part, and modifies it in part. Specifically, the Court declines to adopt the Report's alternative duplicative-filing rationale, grants Plaintiff one opportunity to amend, and recommits the matter to the Magistrate Judge for further proceedings consistent with this Order.

**A. Background**

Plaintiff is a convicted state prisoner who filed this action on December 9, 2025, while incarcerated within the South Carolina Department of Corrections ("SCDC"). (DE 1.) The Complaint names four correctional officers—Croker, Lopez, Beache, and Eldridge—whom Plaintiff identifies as employees of Lee Correctional Institution. (DE 1 at 2–3.)

The factual allegations concern alleged misconduct occurring while Plaintiff was confined at the Florence County Detention Center and the Kirkland Reception and Evaluation Center. (DE 1 at 5–8; DE 9 at 1–2, 7.) Plaintiff alleges that persons entered his room while he slept, sexually assaulted and physically injured him, caused bumps or sores on his face, head, and body, damaged his hair, and poisoned him after he reported the conduct. He alleges resulting genital, groin, bladder, stomach, skin, and bowel problems. (DE 1 at 5–6.) Plaintiff states generally that correctional officers were involved, but he also states that inmates may have been involved and that he does not know who was responsible. He asserts that the events should appear on camera footage. (DE 1 at 5–6.) Plaintiff seeks $2 million in damages. (DE 1 at 6.)

**B. Report and Objection**

The Report concludes that the Complaint fails to state a plausible § 1983 claim against the four named Defendants because it contains no factual allegations explaining what Croker, Lopez, Beache, or Eldridge personally did. (DE 9 at 4–7.) The Report emphasizes that § 1983 liability is personal and that Plaintiff's generalized allegations do not permit an inference that any particular Defendant

participated in a constitutional deprivation. It also notes that the alleged events occurred at facilities other than Lee Correctional Institution, where the named Defendants are alleged to work. (DE 9 at 5–7.)

As an alternative ground, the Report characterizes this action as a frivolous duplicate of two other actions Plaintiff filed concerning similar allegations: *Robinson v. Kirkland Reception and Evaluation Center*, No. 8:25-cv-10426-JD-WSB, and *Robinson v. Florence County Detention Center*, No. 8:25-cv-10427-JD-WSB. The Report acknowledges that those actions involve "different Defendants" but concludes that the allegations are otherwise nearly identical. (DE 9 at 7–8.) It recommends dismissal without leave to amend. (DE 9 at 8.)

Liberally construed, Plaintiff's objection challenges the recommended dismissal for failure to state a claim. He argues that the Court has not reviewed available camera footage, has not examined the marks or injuries he says are present on his body, and has not reviewed medical records that he believes would corroborate his poisoning allegations. He asks the Court to reconsider dismissal in light of that evidence. (DE 11 at 1–2.) Plaintiff does not separately address the Report's alternative duplicative-filing analysis, nor does he expressly request leave to amend.

### C. Standard of Review

A magistrate judge's recommendation carries no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must make a de novo determination of any portion of a Report to which a party makes a specific written objection and may

"accept, reject, or modify" the recommended disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

An objection is sufficiently specific when it "reasonably . . . alert[s] the district court of the true ground for the objection." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). A pro se objection is construed liberally, and even a restatement of a claim may require de novo review when it clearly identifies the ground of disagreement. *Id.* at 460–61 (discussing *Martin v. Duffy*, 858 F.3d 239, 245–46 (4th Cir. 2017)). The Court therefore reviews de novo the portions of the Report implicated by Plaintiff's objection. As to portions of the Report to which no specific objection is made, the Court need only satisfy itself that there is no clear error on the face of the record. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Because Plaintiff is a prisoner seeking redress from governmental employees and proceeds in forma pauperis, the Court must screen the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. A pro se pleading is liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but it still must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At this stage the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor; it does not resolve evidentiary disputes or assess credibility. *See Langford v. Joyner*, 62 F.4th 122, 124–27 (4th Cir. 2023).

## D. Discussion

### 1. The Present Complaint Does Not Plausibly Allege Personal Involvement by the Named Defendants

The Court agrees with the Report that the present Complaint fails to state a § 1983 claim against Croker, Lopez, Beache, or Eldridge. Section 1983 liability is personal: "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). The Supreme Court likewise requires factual allegations showing that each defendant, "through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Fourth Circuit's decision in *Langford* is particularly instructive. There, the court affirmed dismissal where the complaint relied on generalized allegations against "Defendants" without identifying how each individual defendant interacted with the plaintiff or was responsible for the alleged constitutional violation. 62 F.4th at 125–27. Although Rule 8 does not demand detailed proof at the pleading stage, it requires "sufficient facts to allow the court to infer liability as to each defendant." *Id.* at 127.

Plaintiff's Complaint does not satisfy that requirement. Croker, Lopez, Beache, and Eldridge appear in the caption and party-identification sections, but the factual narrative does not identify any one of them as an assailant, as a person who poisoned Plaintiff, as a person who witnessed the alleged conduct and failed to intervene, or as a person who otherwise caused the alleged injuries. (DE 1 at 2–6.) The pleading instead uses collective references such as "they" and "the Co's" while simultaneously

stating that Plaintiff does not know whether correctional officers, inmates, or both were responsible. (DE 1 at 5–6.) The disconnect is heightened by the allegation that the events occurred at Florence County Detention Center and Kirkland Reception and Evaluation Center, while the named Defendants are identified as Lee Correctional Institution officers. (DE 1 at 2–3, 5–8.) These allegations do not permit a reasonable inference that any particular named Defendant personally violated Plaintiff's constitutional rights.

Plaintiff's objection does not cure that pleading defect. His contention that camera footage, physical examination, or medical records could corroborate the underlying events addresses proof that the alleged misconduct occurred; it does not identify what any named Defendant did. Screening under §§ 1915(e)(2)(B) and 1915A tests the sufficiency of the pleading before discovery. Indeed, where a complaint is deficient under Rule 8, a plaintiff is "not entitled to discovery, cabined or otherwise," merely to search for facts necessary to make the claim plausible. *Iqbal*, 556 U.S. at 686. The Court, therefore, does not reject Plaintiff's allegations because it has disbelieved them or because he has not yet produced evidence. Accepting the factual allegations as true, the Complaint still fails to connect the alleged misconduct to Croker, Lopez, Beache, or Eldridge.

Accordingly, Plaintiff's objection is overruled insofar as he contends that the current Complaint should proceed to evidence gathering or service notwithstanding the absence of allegations establishing each named Defendant's personal involvement.

**2. The Court Does Not Adopt the Report's Alternative Duplicative-Filing Rationale**

Plaintiff does not separately object to the Report's alternative characterization of this action as a frivolous duplicate. The Court, therefore, reviews that portion of the Report for clear error. *See Diamond*, 416 F.3d at 315. On the present record, the Court declines to adopt the alternative duplicative-filing rationale because the authority cited in the Report requires closer attention to the identity of the parties.

In *Cottle v. Bell*, the Fourth Circuit explained that, although district courts may dismiss duplicative lawsuits under § 1915(e), actions are generally duplicative when "the parties, issues and available relief do not significantly differ." 229 F.3d 1142 (4th Cir. 2000) (*per curiam*) (unpublished). The court then held that two prisoner civil-rights suits were not duplicative even though they raised similar issues and sought similar relief because they concerned different institutions and, "more importantly," named "completely different defendants." *Id.* The Fourth Circuit, therefore, vacated the duplicative-suit dismissal. *Id.*

That reasoning counsels against relying on duplication as an independent basis for dismissal here. The Report identifies similar factual allegations in Plaintiff's other cases, but it also acknowledges that those cases involve different defendants, and the record does not establish that the parties, claims, and available relief in the three actions are sufficiently interchangeable to satisfy *Cottle*'s formulation. The Report's reliance on *Lester v. Perry Corr. Inst.*, No. 4:12-971-TMC, 2012 WL 1963566, at *1 (D.S.C. May 31, 2012), *aff'd*, 479 F. App'x 509 (4th Cir. 2012), does not alter that conclusion because the duplicate action there repeated the same claim against the same defendants. Because the failure-to-state-a-claim analysis independently

resolves the sufficiency of the present pleading, the Court declines to adopt the Report's alternative conclusion that this action should be dismissed as a frivolous duplicate. This determination is limited to the present pleadings and does not preclude consideration of duplication or misjoinder if a later amended complaint materially changes the parties or claims.

**3. One Opportunity to Amend Is Appropriate**

Although Plaintiff does not expressly request leave to amend, 28 U.S.C. § 636(b)(1) and Rule 72(b)(3) authorize the Court to modify the Magistrate Judge's recommended disposition. The Court declines to adopt the recommendation that dismissal occur without leave to amend. The present Complaint is deficient, but the identified defect may be curable if Plaintiff can allege facts tying a proper defendant to the asserted misconduct. The Court does not decide whether Plaintiff ultimately can state a viable constitutional claim; it concludes only that amendment is not clearly futile on the present record.

*Gordon v. Leeke* is especially instructive. There, the Fourth Circuit addressed *pro se* prisoner complaints in which the pleadings indicated that potentially meritorious claims might lie against correctional officers who had not been properly identified or joined. The court explained that, when a *pro se* litigant may have a meritorious claim against unknown persons, the district court should afford a "reasonable opportunity to determine the correct person or persons against whom the claim is asserted" and "direct or permit amendment of the pleadings to bring that person or persons before the court." 574 F.2d 1147, 1152–53 (4th Cir. 1978). More recently, *Langford* recognized that a plaintiff who does not know an actor's name

before discovery may use a John or Jane Doe designation, provided the complaint contains sufficient factual allegations as to that defendant to state a plausible claim. 62 F.4th at 126.

Plaintiff will, therefore, be afforded one opportunity to amend. Any amended complaint must be complete in itself and may not rely on or incorporate the original Complaint, the objection, or other prior filings. Plaintiff must identify each person he seeks to sue and state, in a short and plain manner, what that person personally did or failed to do, when and where the conduct occurred, and how that conduct injured him. If Plaintiff does not know a person's name, he may use a descriptive John Doe designation, but he must allege enough facts about that person and the alleged conduct to distinguish that individual from others. General references to "they," "the officers," or "Defendants" are insufficient if they do not permit the Court to infer each defendant's personal involvement.

This limited leave to amend does not authorize merits discovery before the amended pleading is screened, and it does not express any view on the truth of Plaintiff's allegations or the ultimate merits of any amended claim. The amended complaint will remain subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, including review of whether the claims and parties are properly joined and whether any claim duplicates another pending action.

**E. Conclusion**

For the foregoing reasons, it is ORDERED that:

1. Plaintiff's objection (DE 11) is OVERRULED;

2. The Report and Recommendation (DE 9) is ADOPTED IN PART as to its failure-to-state-a-claim analysis and MODIFIED IN PART consistent with this Order. The Court does not adopt the Report's alternative duplicative-filing rationale or its recommendation to deny leave to amend;
3. The Complaint (DE 1), as presently pleaded, is DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND. Plaintiff is GRANTED LEAVE TO AMEND and shall file an amended complaint within twenty-one (21) days after entry of this Order;
4. The Clerk of Court shall provide Plaintiff with one blank standard prisoner civil-rights complaint form. Any amended complaint shall bear this civil action number and comply with this Order;
5. Plaintiff is expressly advised that if he fails to file a timely amended complaint, the Court will proceed on the existing Complaint. Because the Court has determined that the existing Complaint fails to state a claim upon which relief may be granted, failure to amend will result in dismissal of this action without prejudice and without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and
6. If Plaintiff timely files an amended complaint, this matter is **RECOMMITTED** to the Magistrate Judge for screening and further pretrial proceedings consistent with this Order. If Plaintiff does not timely file an amended complaint, the Clerk shall return the matter to the undersigned for entry of a final order of dismissal and judgment.

Because Plaintiff presently has leave to amend, this Order does not terminate the action, and no final judgment shall enter at this time.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 9, 2026